UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re Jane Doe,

Petitioner,

v.

United States District Court for the District of Columbia, et al.,

Respondents.

Case No.

Emergency Petition for Writ of Mandamus

Related District Court Case No. 1:25-cv-00632-UNA (D.D.C.)

RECEIVED
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
MAR 2 8 2025

---

## EMERGENCY PETITION FOR WRIT OF MANDAMUS AND REQUEST FOR IMMEDIATE RELIEF UNDER THE ADA, THE REHABILITATION ACT, AND THE UNITED STATES CONSTITUTION

Petitioner Jane Doe, pro se, a 100% disabled war veteran, survivor of violent sexual assault, mother of five, and caregiver to a disabled spouse, respectfully petitions this Honorable Court under the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure 21, to issue a writ of mandamus compelling the U.S. District Court for the District of Columbia to:

    1. Vacate its denial of Plaintiff's motion to proceed under pseudonym in Doe v. Chief Judge, Case No. 1:25-cv-00632-UNA,

    2. Grant Petitioner's ADA accommodation request, or at minimum conduct the required individualized inquiry,

    3. Stay the April 7, 2025 public filing deadline, and

    4. Protect Petitioner from further constitutional, psychological, and retaliatory harm that would result from compelled disclosure.

---

## I. INTRODUCTION AND FACTUAL BACKGROUND

Petitioner is a survivor of brutal rape during military service and suffers from combat PTSD, schizoaffective disorder, traumatic brain injury, and ongoing suicidal ideation. She is currently facing retaliation and institutional abandonment after reporting government misconduct—not only from the VA, but also from HUD grantees and court personnel.

She is trying to protect herself and her family, not conceal wrongdoing. This request for anonymity and accommodation is based not in secrecy but in survival. The District Court's failure to apply the correct legal standard—and its refusal to even consider her ADA claim—has created an emergency that threatens her constitutional rights, her psychiatric stability, and her ability to access the court.

The presiding judge has not been formally assigned to the underlying case. Petitioner believes this unassigned motions judge failed to consider the factual complexity and severity of her situation when summarily denying her relief on March 24, 2025.

## II. JURISDICTION AND MANDAMUS STANDARD

This Court has jurisdiction under:

      •28 U.S.C. § 1651 (All Writs Act)

      •28 U.S.C. § 1291 (appellate jurisdiction)

      •Federal Rule of Appellate Procedure 21

Mandamus is appropriate where:

      1.The petitioner has no other adequate means of relief;

      2.The right to relief is clear and indisputable; and

      3.The writ is appropriate under the circumstances.

Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004);

In re Al-Nashiri, 835 F.3d 110, 133 (D.C. Cir. 2016)

Here, all three conditions are met. Petitioner's trauma, disabilities, and current retaliatory exposure create immediate irreparable harm. No appeal can repair the damage once her name and trauma are made public.

## III. PSEUDONYM USE IS LEGALLY AND FACTUALLY WARRANTED

Courts permit pseudonyms where plaintiffs allege:

- Sexual assault or abuse

- Mental health conditions

- Fear of stigmatization or retaliation

- Extreme vulnerability or power imbalance

Relevant cases include:

- Doe v. Cabrera, 307 F.R.D. 1 (D.D.C. 2014)

- Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981)

- Doe v. Provident Life, 176 F.R.D. 464 (E.D. Pa. 1997)

- Doe v. UNUM Life, 164 F. Supp. 3d 1140 (N.D. Cal. 2016)

- Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008)

The test set out in Sealed Plaintiff includes:

- Whether the plaintiff is particularly vulnerable to the possible harms of disclosure,

- Whether the litigation compels disclosure of information of the utmost intimacy,

- Whether the plaintiff is pursuing the litigation for illegitimate purposes (which she is not).

The District Court misapplied the standard by requiring Petitioner to "connect" her trauma to the legal claims. No such requirement exists. A plaintiff's mental health vulnerability is independently sufficient to justify pseudonym status.

---

IV. ADA & SECTION 504 VIOLATIONS REQUIRE IMMEDIATE CORRECTION

Petitioner formally requested accommodations under:

- The Americans with Disabilities Act (ADA), Title II, 42 U.S.C. § 12132

- The Rehabilitation Act, 29 U.S.C. § 794

- 28 C.F.R. § 35.130(b)(7) (individualized inquiry mandate)

Failure to consider or respond to these requests violates:

•Tennessee v. Lane, 541 U.S. 509 (2004) – holding access to courts is a fundamental right protected under the ADA

•Alexander v. Choate, 469 U.S. 287 (1985) – requiring equal access

•Nunes v. Massachusetts Dep't of Correction, 766 F.3d 136 (1st Cir. 2014)

This is not a discretionary matter. The court must engage in an individualized analysis of whether the requested modification (pseudonym use) is reasonable and necessary. By denying this request without inquiry, the District Court violated Petitioner's statutory rights and subjected her to discriminatory procedural barriers.

---

## V. RULE 60(b)(6) AND EXTRAORDINARY CIRCUMSTANCES

Petitioner's Motion for Reconsideration under Rule 60(b)(6) was denied without addressing the "extraordinary circumstances" that make reconsideration appropriate.

As established in:

•Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)

•Gonzalez v. Crosby, 545 U.S. 524 (2005)

Rule 60(b)(6) allows relief from judgment where necessary to prevent injustice. Petitioner:

•Suffers from severe psychiatric disability

•Has faced VA retaliation and denial of care

•Is parenting five children and caring for a disabled spouse

•Is experiencing institutional collapse of support structures

This qualifies as extraordinary.

---

## VI. ONGOING RETALIATION AND SYSTEMIC COLLAPSE

Petitioner is already facing retaliation from other government entities, including:

•HUD grantees who cut off services and denied disability accommodation,

•VA officials who removed her from mental health care after protected speech,

•Threats to her housing, health, and safety stemming from her public complaints.

This is not a hypothetical risk—it is already happening, and public disclosure would place Petitioner and her family in greater danger. This amplifies the constitutional urgency of this Petition.

---

## VII. CONCLUSION

Petitioner is not asking to circumvent the system. She is asking to survive it.

She fought for this country during war. She was raped in service. She lives daily with psychiatric disability, suicidal ideation, and abandonment by the very systems she believed in.

Now she fights to be heard—not just for herself, but for her husband, her children, and the millions of disabled veterans and survivors whose pain is used against them.

She prays this Court sees her not as a docket entry—but as a human being. And she asks for this writ not as a favor, but as a matter of law, equity, and life.

---

## REQUEST FOR RELIEF

Petitioner respectfully requests that this Court:

1. Issue a Writ of Mandamus vacating the District Court's March 24, 2025 denial orders;

2. Grant Petitioner's Motion to Proceed Under Pseudonym;

3. Direct the District Court to fully consider Petitioner's ADA and Rule 60(b)(6) Motions;

4. Stay the April 7, 2025 deadline for public filing;

5. Grant any other relief deemed just and proper.

Respectfully submitted,

/s/ Jane Doe

Pro Se Petitioner

March 27, 2025